IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GLENN K. MIZUKAMI, | ) | CIVIL NO. 09-00572 DAE-KSC |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO DISMISS |
| vs. | ) | THE COMPLAINT WITHOUT |
| | ) | PREJUDICE AND TO DENY AS |
| | ) | MOOT PLAINTIFF'S |
| DONNA C. EDWARDS; THOMAS D. | ) | APPLICATION TO PROCEED IN |
| COLLINS III #3938, DOES 1- | ) | FORMA PAUPERIS |
| 10, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DISMISS THE COMPLAINT
WITHOUT PREJUDICE AND TO DENY AS MOOT PLAINTIFF'S
APPLICATION TO PROCEED IN FORMA PAUPERIS

On December 4, 2009, Plaintiff Glenn Mizukami

("Plaintiff"), proceeding *pro se*, commenced the instant

action and filed an Application to Proceed In Forma

Pauperis ("Application").

Pursuant to Local Rule 7.2(d) of the Local

Rules of Practice of the United States District Court

for the District of Hawaii ("Local Rules"), the Court

finds this matter suitable for disposition without a

hearing.  After careful consideration of Plaintiff's

Application, the Court HEREBY RECOMMENDS dismissal of

the Complaint with leave to amend and DENIES AS MOOT
Plaintiff's Application for the reasons set forth
below.

BACKGROUND

In his Complaint, Plaintiff alleges that
Defendant Donna Edwards, his ex wife, and Defendant
Thomas Collins, III, her attorney, conspired to deceive
the state courts and deprive Plaintiff of equal
protection of the laws pursuant to 42 U.S.C. §§ 1985
and 1986.  He alternatively seeks relief "on
Fed.R.Civ.P. Rule 8(a)(3) to remedy the Defendants'
Torts & wrongdoings from Rule 60(b) Frauds-on-the-
Courts Hazel-Atlas v. Hartford Empire, 1944, 64 S.Ct.
997; Wright & Miller Rule 60(b) & Others."  Compl. at ¶
6.

DISCUSSION

Plaintiff requests that the Court permit him to
proceed *in forma pauperis*.  A court may authorize the
commencement or prosecution of any suit without
prepayment of fees by a person who submits an affidavit
that the person is unable to pay such fees.  28 U.S.C.

2

§ 1915(a)(1).  "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."  <u>Adkins v. E.I. Du Pont De Nemours & Co., Inc.</u>, 335 U.S. 331, 339 (1948) (internal quotations omitted). However, a court may deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action is frivolous, that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); <u>see</u> <u>Tripati v. First Nat. Bank & Trust</u>, 821 F.2d 1368, 1370 (9th Cir. 1987); <u>Minetti v. Port of Seattle</u>, 152 F.3d 1113, 1115 (9th Cir. 1998).  A complaint is frivolous if "it has no arguable substance of law or fact."  <u>Tripati</u>, 821 F.2d at 1370 (citations omitted); <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  The term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  <u>Id.</u>

3

If the court dismisses the complaint, it should grant leave to amend even if no request to amend the pleading was made, unless the court determines that the pleading could not possibly be cured by the allegation of other facts.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); see also Tripati, 821 F.2d at 1370. Specifically, "*pro se* plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"  Id. (quoting Franklin v. Murphy, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)).

In the present case, the Court is unable to ascertain whether Plaintiff has a cognizable claim. Rule 8 of the Federal Rules of Civil Procedure ("FRCP") requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d

4

646, 649 (9th Cir. 1984).  "The Federal Rules require
that averments 'be simple, concise and direct.'"
McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996)
(quoting Fed. R. Civ. P. 8(e)(1)).  Simply put, "[a]ll
that is required [by Fed. R. Civ. P. 8(a)] is that the
complaint gives 'the defendant fair notice of what the
plaintiff's claim is and the ground upon which it
rests.'"  Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir.
1996) (quoting Datagate, Inc. v. Hewlett-Packard Co.,
941 F.2d 864, 870 (9th Cir. 1991)).  A complaint having
the factual elements of a cause of action scattered
throughout the complaint and not organized into a
"short and plain statement of the claim" may be
dismissed for failure to satisfy Rule 8(a).  See
Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th
Cir. 1988); see also McHenry, 84 F.3d 1172.

     Here, the Complaint is largely
incomprehensible, but appears to seek redress for
Defendants' conduct related to state family court
proceedings.  Because Plaintiff has failed to comply
with Rule 8, the Court is unable to determine whether

his claims are cognizable.  Plaintiff cites 42 U.S.C.
§§ 1985 and 1986 as the primary statutory authority
upon which he bases his claims.  However, it should be
noted that absent allegations to support a § 1983
violation, Plaintiff's § 1985 and § 1986 claims would
be precluded.  Dooley v. Reiss, 736 F.2d 1392, 1395
(9th Cir. 1984), cert. denied 469 U.S. 1038 (1984)
(absence of § 1983 deprivation implies a failure to
state a conspiracy claim); Cassettari v. Nevada County,
Cal., 824 F.2d 735, 739 (9th Cir. 1987).  Plaintiff has
not alleged that Defendants violated § 1983, and it
does not appear that he could because Defendants would
not have acted under color of state law as a private
attorney and as his ex wife.

        For these reasons, the Court finds that the
Complaint is frivolous and fails to state a claim on
which relief may be granted.  The Court therefore
recommends dismissal of the Complaint pursuant to 28
U.S.C. § 1915.  See Denton v. Hernandez, 504 U.S. 25,
32 (1992) (quoting Neitzke, 490 U.S. at 327) (stating
that the in forma pauperis statute "accords judges not

6

only the authority to dismiss a claim based on an
indisputably meritless legal theory, but also the
unusual power to pierce the veil of the complaint's
factual allegations and dismiss those claims whose
factual contentions are clearly baseless").

Insofar as the Court recommends that the
district court dismiss the Complaint, Plaintiff's IFP
Application is moot.  Even if it were not moot, the IFP
Application would be denied because Plaintiff has
failed to allege facts that would support a finding of
poverty with any degree of certainty.  United States v.
McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (quoting
Jefferson v. United States, 277 F.2d 723, 725 (9th Cir.
1960)) (noting that applicants under § 1915 must
demonstrate their poverty with "some particularity,
definiteness and certainty").

Plaintiff's Application is incomplete.  He has
indicated that he has received income totaling $27,200
in the past 12 months.  He also represents that his
mortgage, insurance, taxes, and expenses totaled
$41,000.  However, he has failed to describe with

sufficient detail the amounts of his monthly expenses
and the amounts owed and to whom they are payable.  See
AO 240 Application to Proceed in District Without
Prepaying Fees or Costs (Short Form), ¶¶ 6 & 8.
Without a complete picture of Plaintiff's financial
situation, the Court is not in a position to grant IFP
status.  Plaintiff's approximate annual income of
$27,200 surpasses the poverty threshold for a single
individual in Hawaii, which is currently $12,460.
Annual Update of the HHS Poverty Guidelines, 74 Fed.
Reg. 4199-04 (Jan. 23, 2009).  Moreover, he has a
substantial and valuable asset in his house.  Based on
the information currently before the Court, the Court
cannot find that Plaintiff is unable to pay the filing
fee.  Until Plaintiff meets his burden of demonstrating
that because of his poverty he is unable to pay the
filing fee, his Application must be denied.

     The Court recommends that the district court
permit Plaintiff to file an amended complaint,
addressing the deficiencies identified above, within
thirty (30) days of the date this Findings and

Recommendation is acted upon.  In addition, the Court recommends that Plaintiff be permitted to file a renewed application to proceed in forma pauperis.[1]  At minimum, any renewed application should include specific details about Plaintiff's purported debt, mortgage and/or other payments, and expenses, along with the other information requested in the form Application.

<u>CONCLUSION</u>

In accordance with the foregoing, the Court makes the following recommendations:

1)   DISMISS the Complaint without prejudice;

2)   grant Plaintiff thirty (30) days from the date this Findings and Recommendation is acted upon to amend his Complaint;

3)   failure to either amend the Complaint or pay the filing fee or another IFP Application

---

[1]  Plaintiff is advised to utilize the standardized Application to Proceed Without Prepaying Fees or Costs (Short Form), which is available through this district court's website, and respond fully to all questions therein, to ensure that he provides the Court with all necessary information.

within the time ordered by the Court will

result in the automatic dismissal of the

action;

4)    DENY AS MOOT Plaintiff's IFP Application.

IT IS SO ORDERED.

Dated:  Honolulu, Hawaii, December 29, 2009.

 

Kevin S.C. Chang
United States Magistrate Judge

CV 09-00572 DAE-KSC; MIZUKAMI V. EDWARDS, ET AL.; FINDINGS AND
RECOMMENDATION TO DISMISS THE COMPLAINT WITHOUT PREJUDICE AND TO DENY
AS MOOT PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS