IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GLENN K. MIZUKAMI, | ) CIVIL NO. 09-00572 DAE-KSC |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO DISMISS |
| vs. | ) THE AMENDED COMPLAINT AND |
| | ) ORDER DENYING PLAINTIFF'S |
| | ) APPLICATION TO PROCEED IN |
| DONNA C. EDWARDS; THOMAS D. | ) FORMA PAUPERIS |
| COLLINS III #3938, DOES 1- | ) |
| 10, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO DISMISS
THE AMENDED COMPLAINT AND ORDER DENYING
PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS

Before the Court is *pro se* Plaintiff Glenn

Mizukami's ("Plaintiff"), Application to Proceed In

Forma Pauperis ("Application"), filed January 19, 2010.

Pursuant to Local Rule 7.2(d) of the Local

Rules of Practice of the United States District Court

for the District of Hawaii ("Local Rules"), the Court

finds this matter suitable for disposition without a

hearing. After careful consideration of Plaintiff's

Application, the Court HEREBY RECOMMENDS dismissal of

the Complaint and HEREBY DENIES Plaintiff's Application

for the reasons set forth below.

BACKGROUND

On December 4, 2009, Plaintiff commenced the instant action and filed an Application to Proceed In Forma Pauperis.  On December 29, 2009, this Court issued a Findings and Recommendation to Dismiss the Complaint without Prejudice and to Deny as Moot Plaintiff's Application to Proceed In Forma Pauperis ("F&R").

On January 19, 2010, United States District Judge David Alan Ezra adopted the F&R.  That same day, Plaintiff filed an Amended Complaint and an Application to Proceed In Forma Pauperis ("Application").

DISCUSSION

Plaintiff requests that the Court permit him to proceed *in forma pauperis*.  A court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees.  28 U.S.C. § 1915(a)(1).  "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to

2

provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (internal quotations omitted). However, a court may deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action is frivolous, that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); see Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987); Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998).  A complaint is frivolous if "it has no arguable substance of law or fact." Tripati, 821 F.2d at 1370 (citations omitted); Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id.

     If the court dismisses the complaint, it should grant leave to amend even if no request to amend the pleading was made, unless the court determines that the

pleading could not possibly be cured by the allegation of other facts.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); see also Tripati, 821 F.2d at 1370. Specifically, "pro se plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"  Id. (quoting Franklin v. Murphy, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)).

In the present case, Plaintiff's Amended Complaint fails to cure the deficiencies identified in the F&R.  As discussed in the F&R, Plaintiff failed to state a claim under 42 U.S.C. § 1983, and has not done so in the Amended Complaint.  To state a claim under § 1983, a plaintiff must allege: (1) a deprivation of rights, privileges, or immunities secured by the Constitution or federal statute and (2) that the defendant acted under color of state law.  Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003) (citing West v. Atkins, 487 U.S. 42, 48 (1988)).  It is generally presumed that private parties are not acting

4

under the color of state law for purposes of § 1983.
See Simmons v. Sacramento County Superior Ct., 318 F.3d
1156, 1161 (9th Cir. 2003) (plaintiff's allegations
insufficient to establish that a private party is a
state actor under § 1983); see also Price v. Hawaii,
939 F.2d 702, 708 (9th Cir. 1991) ("private parties are
not generally acting under color of state law.").
Purely private conduct, no matter how wrongful, is not
covered under § 1983.  See Ouzts v. Maryland Nat'l Ins.
Co., 505 F.2d 547, 550 (9th Cir. 1974).  In other
words, there is no right to be free from the infliction
of constitutional deprivations by private individuals
or entities.  See Van Ort v. Estate of Stanewich, 92
F.3d 831, 835 (9th Cir. 1996).

   The Constitution protects individual rights
only from government action, and not from private
action; it is only when the government is responsible
for the specific conduct of which the Plaintiff
complains that individual constitutional rights are
implicated.  Single Moms, Inc. v. Montana Power Co.,
331 F.3d 743, 746-47 (9th Cir. 2003).  Thus, a § 1983

plaintiff must show that a defendant's actions are fairly attributable to the government, which generally involves significant state involvement in the action in question.  <u>Franklin v. Fox</u>, 312 F.3d 423, 444-45 (9th Cir. 2002).

Here, Plaintiff alleges that Defendants, his ex wife and her attorney, acted "under color of state law" and conspired to mislead the state courts to deny him equal protection in his divorce/family court proceeding.  However, Plaintiff has not alleged facts showing that Defendants acted under color of state law in the state court proceedings.  In fact, Plaintiff does not assert that Defendants' alleged conduct is attributable to the government, but rather, that Defendants' alleged conduct influenced the outcome of the state court proceedings.  Moreover, the Ninth Circuit has held that a private attorney cannot be sued under § 1983.  <u>See</u> <u>Simmons</u>, 318 F.3d at 1161 (holding that plaintiff cannot sue opposing counsel under § 1983, "because he is a lawyer in private practice who was not acting under color of state law" and

"[p]laintiff's conclusory allegations that the lawyer was conspiring with state officers to deprive him of due process are insufficient"); Briley v. Cal., 564 F.2d 849, 855 (9th Cir. 1977) ("We have repeatedly held that a privately-retained attorney does not act under color of state law for purposes of actions brought under the Civil Rights Act.").

The Ninth Circuit applies four different tests to identify state action: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." Kirtley, 326 F.3d at 1092 (citations omitted). Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists. Id. Plaintiff's Amended Complaint clearly fails to present any facts relevant to these state action tests, but the Court will discuss each test in turn.

A.   Public Function Test

"Under the public function test, when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become

7

agencies or instrumentalities of the State and subject
to its constitutional limitations." Id. at 1094
(quoting Lee v. Katz, 276 F.3d 550, 554-55 (9th Cir.
2002)).  To satisfy this test one must show that the
function at issue is "both traditionally and
exclusively governmental." Id.  Even taking all
allegations in the Amended Complaint as true, as this
Court must, there is no basis upon which the Court can
conclude that Defendants are endowed with powers or
functions that are traditionally governmental in
nature.  Defendants are therefore not state actors
under the public function test.

B.  Joint Action Test

        "A plaintiff may demonstrate joint action by
proving the existence of a conspiracy or by showing
that the private party was 'a willful participant in
joint action with the State or its agents.'" Franklin,
312 F.3d at 445.  However, "a substantial degree of
cooperation" is required before liability will be
imposed on private parties for acting jointly with
state actors.  Id.; Collins v. Womancare, 878 F.2d

1145, 1155 (9th Cir. 1989) ("merely complaining to the police does not convert a private party into a state actor").

Taking all of Plaintiff's allegations as true, the facts set forth in the Amended Complaint fail to satisfy the joint action test for private party liability under § 1983.  The circumstances of this case do not establish that any government actors "so far insinuated [themselves] into a position of interdependence with [Defendants] that they must be recognized as a joint participant in the challenged activity."  Id.

C.   Compulsion Test

The compulsion test considers whether the "coercive influence" or "significant encouragement" of the state effectively converts private action into government action.  Kirtley, 326 F.3d at 1094.  In cases involving a private defendant, the issue is typically whether the defendant is liable for following a statute or government regulation.  Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 838 (9th

Cir. 1999).  Plaintiff does not assert a requisite
state coercive influence or significant encouragement.
As discussed above, Plaintiff alleges that Defendants
misled the courts, not that the state coerced or
encouraged Defendants.  Accordingly, Defendants are not
state actors based on the compulsion test.

D.   Government Nexus Test

       The government nexus test considers whether
"there is such a close nexus between the State and the
challenged action that the seemingly private behavior
may be fairly treated as that of the State itself."
Kirtley, 326 F.3d at 1095 (quoting Brentwood Academy v.
Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288,
295 (2001)).  "The purpose of this requirement is to
assure that constitutional standards are invoked only
when it can be said that the State is responsible for
the specific conduct of which the plaintiff complains."
Id.  Even taking all allegations as true and construing
them in the light most favorable to Plaintiff, the
Court finds that Plaintiff has failed to show the
existence of any nexus between the state and the

challenged action to treat Defendants' conduct as that of the state.

Because Plaintiff has not stated a § 1983 claim, his § 1985 and § 1986 claims are not cognizable. A § 1985 claim cannot exist in the absence of a cognizable § 1983 claim, and a § 1986 claim can only be stated if the complaint contains a valid claim under § 1985. Cassettari v. Nevada County, Cal., 824 F.2d 735, 739 (9th Cir. 1987); Dooley v. Reiss, 736 F.2d 1392, 1395, 1396 (9th Cir. 1984), cert. denied 469 U.S. 1038 (1984) (absence of § 1983 deprivation implies a failure to state a conspiracy claim and dismissal of § 1986 claim proper because the plaintiff failed to state a claim under § 1985); McCalden v. Cal. Library Ass'n, 955 F.2d 1214, 1223 (9th Cir. 1990).

In accordance with the foregoing, the Court finds and recommends that Plaintiff's Amended Complaint and this action be dismissed without leave to amend. Before dismissing a *pro se* complaint for failure to state a claim, a district court should generally give a *pro se* litigant leave to amend the complaint and a

11

statement explaining the complaint's deficiencies.
Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621,
623-24 (9th Cir. 1988).  Leave to amend is not
required, however, where it is absolutely clear that
the deficiencies of the complaint could not be cured by
amendment.  Id. at 623; see also Shermoen v. United
States, 982 F.2d 1312, 1319 (9th Cir. 1992) ("'[A]
district court does not err in denying leave to amend
where the amendment would be futile.'").  The Court
identified the Complaint's deficiencies in the F&R and
Plaintiff has not cured those deficiencies in the
Amended Complaint, nor does it appear he could through
further amendment.  Consequently, the Amended Complaint
and this action should be dismissed.

Because the Court finds that the Amended
Complaint is frivolous, having no arguable substance of
law or fact, and cannot be cured by amendment,
Plaintiff's Application is denied.  28 U.S.C.
§ 1915(e)(2); see Tripati, 821 F.2d at 1370; Minetti,
152 at 1115.

12

CONCLUSION

Based on the foregoing, IT IS HEREBY FOUND AND RECOMMENDED that the Amended Complaint and this action be DISMISSED and HEREBY ORDERED that Plaintiff's Application to Proceed In Forma Pauperis, filed January 19, 2010, be DENIED.

IT IS SO FOUND AND RECOMMENDED AND SO ORDERED.

Dated:  Honolulu, Hawaii, January 25, 2010.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 09-00572 DAE-KSC; MIZUKAMI V. EDWARDS, ET AL.; FINDINGS AND RECOMMENDATION TO DISMISS THE AMENDED COMPLAINT AND ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS